# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VALENZUELA,<br><br>               Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>               Defendant. | Case No. EDCV 17-01705-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On August 23, 2017, Robert Valenzuela ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on December 11, 2017. On September 24, 2018, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 56 year-old male who applied for Social Security Disability Insurance benefits on August 1, 2013, alleging disability beginning November 20, 2010. (AR 14.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 20, 2010, the alleged onset date. (AR 16.)

Plaintiff's claim was denied initially on December 23, 2013, and on reconsideration on March 26, 2014. (AR 14.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Dana E. McDonald on January 26, 2016, in Moreno Valley, California. (AR 14.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 14.) Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 14.)

The ALJ issued an unfavorable decision on February 19, 2016. (AR 14-26.) The Appeals Council denied review on June 29, 2017. (AR 1-4.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ's residual functional capacity has the support of substantial evidence.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ'S DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since November 20, 2010, the alleged onset date. (AR 16-17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: arthritis of the knees and degenerative disc disease of the lumbar spine. (AR 17-20.)

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20-21.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant can occasionally lift and carry 20 pounds and frequently 10 pounds; he can stand and walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday; he has an unlimited ability for pushing and pulling other than lifting and carrying as stated; and he would require a sit and stand option at will.

(AR 21-24.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible." (AR 23.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a carpenter. (AR 24-25.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of cashier II, small products assembler, and toy assembler. (AR 26.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 26.)

## DISCUSSION

The ALJ's decision must be affirmed. Plaintiff's contention that new and material evidence submitted to the Appeals Council after the ALJ's decision undermines the ALJ's RFC is without merit. The new evidence pertains to a period after the ALJ's decision and is not retroactive to the period at issue.

**A.      Background**

Plaintiff Robert Valenzuela complains he is unable to work because of neuropathy and leg pain. (AR 21.) He also alleges he has diabetes and shoulder, knee, hip, neck, and back pain. (AR 21.) The ALJ determined that Claimant has the medically determinable severe

impairments of arthritis of the hips, arthritis of the knees, and degenerative disc disease of the lumbar spine. (AR 17.) Despite Plaintiff's subjective pain complaints, medical examinations were normal and imaging examinations revealed only mild findings. (AR 22, 24.) The ALJ found Plaintiff has engaged in a somewhat normal activity inconsistent with disabling limitations. (AR 22.) The ALJ assessed Plaintiff with an RFC for a restricted range of light work. (AR 21.) The ALJ's unfavorable decision was issued on February 16, 2016. (AR 14-26.)

Subsequent to the ALJ's decision, Plaintiff submitted to the Appeals Council a functionality questionnaire that Dr. Jason Couture completed on May 17, 2016, three months after the ALJ's decision. (AR 2, 661-665.) Dr. Couture opined that Plaintiff's physical limitations prevent him from working on any job for an 8 hour period and that he is completely disabled. (AR 664.)

On June 29, 2017, the Appeals Council denied review. (AR 1-4.) The Appeals Council also made the following determination:

> You submitted a physical residual functional capacity assessment form completed on May 17, 2016, by Jason Couture MD (five pages). The Administrative Law Judge decided your case through February 19, 2016. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 19, 2016.

(AR 2.) The Appeals Council also noted that, if Plaintiff wanted to file a claim for disability after February 19, 2016, he must apply again. (AR 2.) If Plaintiff were to do so, the SSA would use the April 15, 2016 date of the request for review by the Appeals Council as the date of the new claim.

**B.    Relevant Federal Law**

This Court has no jurisdiction to review the decision of the Appeals Council denying review. Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012). When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole,

including any new evidence submitted to and considered by the Appeals Council. Id. at 1161-63. The Ninth Circuit in Brewes specifically cited and relied on 20 C.F.R. § 404.970(b), which provides:

> <u>If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.</u> The Appeals Council shall evaluate the entire record including the new and material evidence submitted . . . it will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Id. at 1162 (emphasis added); see also 42 U.S.C. § 405(g). The new evidence must be treated as part of the administrative record. Id. Remand, however, is warranted only if there is new evidence that is material; new evidence is material if it bears directly and substantially on the matter in dispute and if there is a "reasonable possibility" that the new evidence would have changed the outcome of the determination. Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001) (citing Booz v. Sec'y of Health & Human Servs, 734 F.2d 1378, 1380 (9th Cir. 1984)); see also La Cruz v. Colvin, 2016 WL 6562930, at *7 (C.D. Cal. Mar. 7, 2016).

**C.  Analysis**

Plaintiff argues that retrospective opinions regarding a pre-expiration condition are relevant to disability analysis, citing Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995). This statement of the law is consistent with the Regulation cited above that the Appeals Council shall consider new and material evidence "only where it relates to the period on or before the date of the Administrative Law Judge hearing decision." 20 C.F.R. § 404.970(b).

In this case, however, Dr. Couture's post-decision opinion did not purport to address Plaintiff's condition prior to the ALJ's decision. His opinion was entirely in the present. Plaintiff does not offer any facts or arguments to the contrary. Indeed, on July 8, 2016, Plaintiff requested the Appeals Council "to direct the District Office to take a new application and to

construe this transmittal as a protected filing date for that new application based on new evidence that may not relate back in time to the period adjudicated by the ALJ." (AR 661.)

The Appeals Council also noted that Plaintiff submitted medical reports from Dr. Couture covering the period from March 10, 2014, through February 11, 2016. (AR 21.) The Appeals Council stated, "We find this evidence does not show a reasonable probability that it would change the outcome of the decision." In his portion of the Joint Stipulation, Plaintiff does not address how these pre-ALJ's decision medical records would affect the ALJ's RFC. Plaintiff merely argues that Dr. Couture's May 17, 2016 functionality questionnaire undermines the ALJ's RFC. His questionnaire, however, does not relate to the period in issue.

Both the additional medical records and Dr. Couture's functionality questionnaire are now part of the record. (Dkt. 22.) Reviewing the record for substantial evidence, the Court rules that Plaintiff has failed to demonstrate or even address how the new medical records for the period from March 10, 2014, through February 11, 2016, would alter the ALJ's decision. The Court also rules that Dr. Couture's May 17, 2016 functionality questionnaire does not relate to the period adjudicated by the ALJ's decision.

* * *

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination for the period of adjudication is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 25, 2019  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE